**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Nos. 2:21-cr-228-1-RJC |
| | )       2:25-cv-789-RJC |
| | ) |
| v. | ) |
| | ) Judge Robert J. Colville |
| KEVIN CARNEY, | ) |
| | ) |

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

Before the Court is a Motion to Set Aside, Vacate, or Correct Sentence (ECF No. 250)[1]

("Motion to Vacate") filed by Defendant Kevin Carney.  All deadlines for the filing of any further

briefing have passed.  Accordingly, the Court considers Defendant's Motion to Vacate to be fully

briefed and ripe for disposition.

## I.    Background

On February 24, 2022, Defendant pled guilty to Count 1 of the Indictment in his criminal

case, which charged him with Conspiracy to Commit Mail and Wire Fraud in violation of 18

U.S.C. Section 1349.  The court accepted Defendant's plea and adjudged him guilty of the charged

offense.  In addition to Defendant's entrance of a guilty plea at Count 1, he also acknowledged

responsibility for the conduct charged in Counts 2 through 6, each of which charged Defendant

with wire fraud, and, pursuant to a plea agreement, stipulated that the conduct charged in those

counts could be considered by the Probation Office or the Court in calculating the guideline range

and in imposing a sentence.  On March 11, 2025, this Court sentenced Defendant to 30 months'

---

[1] For ease of reference, the Court cites only to the documents filed in Defendant's criminal case, but notes that a parallel civil docket has been opened at 2:25-cv-789.

imprisonment and 3 years of supervised release at Count 1, and dismissed the remaining counts on the Government's Motion.

Defendant filed the Motion to Vacate on June 10, 2025, along with a Motion to Appoint Counsel (ECF No. 251). The Court denied the Motion to Appoint Counsel via Memorandum Order (ECF No. 252) on June 13, 2025, and also filed a *Miller* Notice and Order (ECF No. 253) informing Defendant of the fact that the Court had received the Motion to Vacate, which the Court construed to seek relief under 28 U.S.C. § 2255. The Notice and Order further notified Defendant that federal law required him to include all federal constitutional claims challenging a specific conviction in one habeas corpus petition, and informed him that he could proceed via one of three options: (1) withdraw his petition and file a new one; (2) file an amendment within 120 days; or (3) choose to have the petition ruled on as filed. The Order required Defendant to notify the Court of his intention within 30 days. Defendant did not file a statement of intent. Accordingly, the Court entered an Order (ECF No. 260) on July 17, 2025 stating that Defendant's Motion to Vacate would be ruled on as filed, and that Defendant thus lost his ability to file a second or successive petition absent certification by the United States Court of Appeals for the Third Circuit. The Government filed a Response (ECF No. 265) to the Motion to Vacate on August 25, 2025, and the Transcript of the Sentencing Hearing (ECF No. 289) in this matter was docketed on December 10, 2025.

## II.    Legal Standard

A prisoner in federal custody may move to vacate his or her sentence under 28 U.S.C. § 2255 if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). As a collateral challenge, a motion under § 2255 is "reviewed much less favorably than a direct appeal of the sentence." *United States v. Travillion*, 759 F.3d 281, 288 (3d

Cir. 2014). Section 2255 relief "is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ . . . is apparent.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). The Supreme Court has explained that "[h]abeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Bousley v. United States*, 523 U.S. 614, 621 (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994)).

A district court must order an evidentiary hearing in a federal habeas case if a defendant's § 2255 allegations raise an issue of material fact. *United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir. 1992). But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. *United States v. Costanzo*, 625 F.2d 465, 470 (3d Cir. 1980); *see also United States v. Tolliver*, 800 F.3d 138, 140-41 (3d Cir. 2015). If a hearing is not held, the district judge must accept the defendant's allegations as true "unless they are clearly frivolous on the basis of the existing record." *Gov't of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984). Similarly, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).

Under the Sixth Amendment to the United States Constitution, a defendant has the right to effective assistance of counsel. A defendant relying on an allegation of ineffective assistance of counsel to support their request for relief under 28 U.S.C. § 2255 bears the burden of establishing that counsel's performance was deficient. *Burt v. Titlow*, 571 U.S. 12, 23 (2013). "[T]he absence of evidence cannot overcome the 'strong presumption that counsel's conduct [fell] within the wide

3

range of reasonable professional assistance.'"  *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 690 (1984)).  To prove ineffective assistance of counsel, a movant must establish:

> [first,] that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Travillion*, 759 F.3d 289 (quoting *Strickland*, 466 U.S. at 687).  If it is easier to dispose of an ineffective assistance claim on the ground that the petitioner has not shown sufficient prejudice, a court may begin with that prong of the *Strickland* test.  *Id*.

> The Third Circuit has explained:

> As the Supreme Court has stated, "the Constitution guarantees criminal defendants only a fair trial and a competent attorney.  It does not insure that defense counsel will recognize and raise every conceivable constitutional claim."  *Engle v. Isaac*, 456 U.S. 107, 134, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).  On review, we "must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."  *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir.1996) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052).  "In essence, 'the defendant must show that counsel's representation fell below an objective standard of reasonableness' meaning 'reasonableness under prevailing professional norms.'"  *Id.* (quoting *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052).  Regarding the interplay between *Strickland* and § 2255, if [a defendant] shows both elements of *Strickland*, he satisfies the requirements of § 2255.  *See United States v. Rad–O–Lite of Phila., Inc.*, 612 F.2d 740, 744 (3d Cir.1979) ("[P]ersons . . . can attack a conviction for fundamental defects, such as ineffective assistance of counsel.").

*Travillion*, 759 F.3d at 290.  With respect to prejudice, "[t]he defendant must demonstrate that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  *United States v. Purcell*, 667 F. Supp. 2d 498, 504 (E.D. Pa. 2009), *as amended* (Oct. 30, 2009), *aff'd*, 517 F. App'x 79 (3d Cir. 2013) (quoting *Strickland*, 466 U.S. at 684).  As to this standard, the *Purcell* court explained:

> Moreover, "*Strickland v. Washington* does not require certainty or even a preponderance of the evidence that the outcome would have been different with

effective assistance of counsel; it requires only 'reasonable probability' that that is the case." *United States v. Day,* 969 F.2d 39, 45 n.8 (3d Cir. 1992) (quoting *Strickland*, 466 U.S. at 693–94, 104 S.Ct. 2052). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Day*, 969 F.2d at 42 (quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052). In this context, to satisfy the prejudice inquiry, the defendant "must demonstrate that, but for his . . . attorney's alleged ineffectiveness, he would have likely received a lower sentence." *United States v. Booth*, 432 F.3d 542, 547 (3d Cir. 2005).

*Id.* at 511.

### III.    Discussion

Initially, the Court finds that there is no basis to revisit Defendant's request for appointment of counsel. Defendant is proceeding on his original Motion to Vacate, which this Court reviewed in denying his request for counsel. Defendant did not file a Reply with respect to the Motion to Vacate. Accordingly, the alleged facts remain unchanged since the Court's prior determination to deny the appointment of counsel. The issues involved in the Motion to Vacate are not complex, a hearing is not necessary, and Defendant is clearly familiar with the facts at issue and has presented his arguments in a cogent, if ultimately unsuccessful, fashion. Appointment of counsel would simply further delay a decision in this relatively uncomplicated matter.

As the Court just noted, it concludes that a hearing on the Motion to Vacate is not required or warranted because the record conclusively establishes that Defendant is not entitled to relief. Defendant asserts that his previous counsel, Marco Attisano, Esquire, was ineffective during Defendant's proceedings at the district court level, and he requests that the Court vacate his sentence and resentence Defendant "with full review." He fails to set forth a sufficient basis for such relief.

More specifically, Defendant asserts the following purported grounds for relief:[2] (1) Defense counsel informed Defendant that a criminal defendant who was able and willing to pay a high retainer would receive "priority treatment in [their] defense" because more resources are available under that scenario than where an indigent defendant is represented by court-appointed counsel; (2) after gathering certain electronic records requested by the Government, Defense counsel did not turn those records in to the Court for eighteen months despite Defendant's requests to the contrary, with Defense counsel representing to Defendant that the records "were not yet needed by the Court"; (3) Defense counsel withheld "evidence" from Defendant's review, including a list of the victims and the amount owed to each, victim impact statements, and copies of correspondence between the Government and Defense counsel;[3] (4) Defense counsel moved for multiple continuances, presumably of the sentencing hearing, without informing Defendant of the bases for the continuances; (5) despite Defendant's request, Defense counsel chose not to present evidence during sentencing regarding Defendant's assertion that he only solicited funds from one victim; (6) Defense counsel failed to adequately advise and prepare Defendant for a video meeting with the Government, leaving Defendant to perceive that the Government viewed him as a hostile defendant and a liar, and counsel further failed to take responsibility for this issue during sentencing; (7) Defense counsel did not instruct Defendant as to how he should "respond" to his criminal history and did not argue or detail Defendant's criminal history during sentencing; (8) Defense counsel solicited letters in support of Defendant from family and friends one week before sentencing, and some were submitted, but Defense counsel chose not to introduce the letters; (9)

---

[2] In his numbered grounds for relief, Defendant, on at least one occasion, asserts multiple bases in a single numbered ground, and Defendant also skipped what should have been numbered as "Ground Eight." Accordingly, the Court disregards Defendant's numbering, and separates the grounds as numbered by the Court herein.

[3] Defendant asserts that this information should have been "rebutted" during the sentencing hearing to improve Defendant's odds of receiving a reduced sentence, and that Defense counsel rejected Defendant's strategic proposals.

Defense counsel rejected Defendant's request that counsel move for a final continuance of the sentencing hearing, informing Defendant that it would not help his position and that it would have a negative impact on the Government's and the Court's perception of Defendant; (10) Defendant emailed Defense counsel to inform counsel that Defendant was experiencing diminished concentration and communication skills due to his diabetes, and Defendant was given no "consideration for that"; (11) there were lapses in communication between Defendant and counsel and meetings were often short – Defendant asserts that counsel repeatedly and consistently asked Defendant if Defendant understood what they had discussed, and assured him that, where health or understanding were at issue, that they would have a chance to revisit the issue later; (12) Defense counsel immediately withdrew after sentencing and did not advise Defendant of his appellate rights; (13) Defense counsel failed to timely transfer Defendant's case file to Defendant and still has not provided the entire file.

None of the above assertions, even if the factual aspects of the claims are taken as true, sufficiently support an argument that, absent counsel's alleged unprofessional errors, the result of this case would have been different, as the Court will address in more detail below. Defendant thus has not set forth allegations that provide the Court with a reasonable probability sufficient to undermine confidence in the outcome of Defendant's sentencing hearing. That is, Defendant cannot establish prejudice on the facts alleged in his Motion to Vacate and briefing. The Court further agrees with the Government that Defendant's assertions are vague, conclusory, and bereft of sufficient factual or legal support and without sufficient explanation as to how any of these circumstances actually impacted the outcome of this matter, and that the Motion to Vacate could be denied on that basis alone.

The Court also agrees with the Government that Defendant's claims related to trial counsel's conduct after sentencing are moot because Defendant ultimately successfully filed a timely appeal and obtained appellate counsel.[4] *See United States v. Smith*, 143 F. App'x 559, 561 (5th Cir. 2005) ("Assuming that counsel did fail to inform Smith of the time limits, Smith was not prejudiced, because he filed a timely pro se notice of appeal."). Defendant, through his appellate counsel, voluntarily withdrew that appeal. Defendant simply cannot show prejudice as to any post-sentencing conduct by his trial counsel where he successfully filed an appeal but chose to voluntarily withdraw it. Accordingly, grounds 12 and 13, as numbered above, can be dismissed as moot.

It further bears emphasizing the fact that Defendant, following a Court determination that he was competent, stated under oath during his sentencing hearing that he had reviewed all relevant documents, that he had no questions or concerns, and that he was satisfied with counsel's representation. *See* ECF No. 289 at 7:9-11 ("THE COURT: Are you satisfied with the service, the advice, and representation provided you by your counsel? THE DEFENDANT: Yes, sir, I am."). The Supreme Court has explained that "[s]olemn declarations in open court carry a strong presumption of verity[,]" and that "[t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). This presumption attaches to statements made at change of plea and sentencing hearings, as well as statements concerning a defendant's satisfaction with counsel's representation, and a defendant cannot rely

---

[4] It bears noting that, while Defendant takes issue with Defense counsel's failure to advise him of his appellate rights, the Court itself advised Defendant of his appellate rights and relevant deadlines at the conclusion of the sentencing hearing, and Defendant responded as follows when asked if he understood his appellate rights: "I do, Your Honor." ECF No. 289 at 32:9-33:11. Moreover, Defense counsel requested an extension of Defendant's appeal deadline prior to withdrawing. ECF No. 232.

on unsupported allegations to challenge the presumption. *United States v. Aine*, 386 F. App'x 16, 21 (2d Cir. 2010). This factor strongly contradicts Defendant's assertions of dissatisfaction with his counsel prior to sentencing, and Defendant's allegations come well short of rebutting the presumption of verity that attaches to statements made under oath in open court. This provides another basis for denial of the Motion to Vacate.

Turning to the substance of the Motion to Vacate, at ground 1, Defendant asserts that Defense counsel informed Defendant that a highly paid retained lawyer may have more available time and resources than a court-appointed attorney. Even if Defense counsel's statement was not one of perhaps practical reality regarding availability of resources, it certainly in no way indicates that Defense counsel intended or expected to provide *ineffective* assistance in violation of the Constitution. Indeed, the Court notes that Defense counsel put forth a great deal of effort in obtaining a plea deal for his client that resulted in the dismissal of five charges, writing a twenty-nine-page sentencing memorandum setting forth several bases for a below-Guideline sentence, submitting an additional twenty-four pages of exhibits in support of Defendant's request, enlisting the aid of a mitigation expert to prepare a report, and preparing a thirteen-minute video to introduce in lieu of in-person testimony given the circumstances of Defendant's family members. The Court itself observed at sentencing:

> THE COURT: Thank you, Mr. Attisano. I have no questions. But I will take the opportunity to say, I appreciate your effort, your briefing was thorough and complete, and I did appreciate the opportunity to have the benefit of seeing the information provided through the video. So I appreciate your efforts in this regard.

ECF No. 289 at 4-9; *see also id.* at 31:8-12 (in stating its reasons for imposition of its sentence, the Court provided: "Given the nature of his crime and upon review of the victims' impact statements, I really -- again, I appreciate the effort Mr. Attisano made, in particular, it was excellent work, but I have no reluctance in finding that this defendant poses a danger to the community.").

9

The undersigned has been on the federal bench for six years, and does not hand out such statements as a matter of course.  In any event, Defendant does not argue or provide a basis as to how he was prejudiced by Defendant counsel's statement, and ground 1 is thus meritless.

Ground 2 also fails for a failure to establish, or even argue, any prejudice caused by the fact that certain information was not turned into the Court on the timeline preferred by Defendant. This ground seemingly implicates a strategic disagreement between counsel and client.  *See McAdams v. United States*, No. 09-737-001 (JBS), 2016 WL 240877, at *7 (D.N.J. Jan. 20, 2016) ("[M]ere disagreement with legal strategy is not a real allegation of deficiency.").  The Court received all documentation submitted by the parties in a timely fashion, and, again, Defendant fails to articulate how any purported delay in submission of this information impacted the outcome of this matter.

Similarly, grounds 3, 5, 7, and 8 all involve Defendant's disagreement with Defense counsel's failure to rebut or introduce certain evidence during sentencing, and/or counsel's decision to focus on certain topics over others during the hearing.  Again, disagreement over legal strategy is not a ground for an assertion of ineffective assistance of counsel, and "the determination whether to call a witness lies soundly with trial counsel, not the defendant[,]" *United States v. Cleve-Allan George*, No. CR 2003-020, 2011 WL 5110409, at *6 (D.V.I. Oct. 26, 2011).  Defense counsel presumably chose to focus on Defendant's strongest arguments, i.e., his family circumstances, while not highlighting those that might have been weaker, i.e., his criminal history. Defendant's argument that counsel should have introduced evidence respecting Defendant's relative culpability could have undermined Defendant's acceptance of responsibility.  Again, in lieu of in-person testimony or letters, Defense counsel submitted a thirteen-minute video that displayed Defendant's family members' situations.  Even accepting Defendant's conclusory

factual assertions as true, Defendant fails to point to either a deficiency in performance or prejudice at grounds 3, 5, 7, and 8.

Grounds 4 and 9 are interestingly opposed in that Defendant takes issue with counsel's requests for continuances of the sentencing hearing at ground 4, and then takes issue with counsel's failure to request a final continuance at ground 9. Again, strategy and preparation are within counsel's purview. Defendant has failed to even argue prejudice on this front. He remained on bond pending sentencing, and the earlier continuances apparently allowed counsel to prepare the substantial sentencing record in this case. The Government never opposed the requested continuances, and those continuances certainly had no impact on the Court's sentence in this case. Counsel's decision to reject Defendant's final request for one more continuance is one of strategy, and, again, Defendant fails to assert any true prejudice. Grounds 4 and 9 are also meritless.

At ground 6, Defendant asserts that Defense counsel failed to adequately advise and prepare Defendant for a video meeting with the Government, leaving Defendant to perceive that the Government viewed him as a hostile defendant and a liar, and that counsel further failed to take responsibility for this issue during sentencing. Again, Defendant fails to sufficiently assert prejudice. Defendant does not explain how this failure to prepare impacted his sentence in this case. The Court certainly did not perceive animus on the Government's side during sentencing, and, even if it had, certainly would not have let the same impact the Court's sentencing decision in this case. Ground 6 fails to assert a sufficient basis for relief.

As to grounds 10 and 11, each speaks to purported communication issues between Defendant and Defense counsel, but neither sufficiently asserts deficient representation on counsel's part or prejudice suffered by Defendant. As to "consideration" of Defendant's diabetes diagnosis, Defense counsel submitted documentation establishing that diagnosis, and the Court

11

considered it in imposing sentence. Further, any assertion that Defense counsel offered to revisit an issue at a later time where Defendant's illness or ability to understand were impacted essentially undermines Defendant's assertion that counsel was ineffective. Rather than belabor an issue that Defendant cognitively struggled with in the moment, Defense counsel instead offered Defendant time to recover before they discussed the issue again. Simply put, the Court again perceives no deficiency or prejudice, and instead finds the opposite to be true under Defendant's allegations.

The Court's sentence is entirely supported by the record, and Defendant points to nothing that indicates that, absent his counsel's alleged ineffectiveness, he would have likely received a lower sentence. For the reasons discussed above, the Court finds that the Motion to Vacate is both meritless and frivolous, and it will be denied as such. The Court finds that, because jurists of reason would not find it debatable whether Defendant's claims should be dismissed, Defendant is not entitled to the issuance of a certificate of appealability. The denial of a certificate of appealability does not prevent Defendant from appealing the order denying his petition so long as he seeks, and obtains, a certificate of appealability, from the Court of Appeals.

## IV.    Conclusion

For the reasons discussed above, the Court will deny the Motion to Vacate. An appropriate Order of Court follows.

BY THE COURT:

/s/Robert J. Colville_____
Robert J. Colville
United States District Judge

DATED: April 16, 2026

cc:    All counsel of record

Kevin Carney – 47848-509
Elkton
Federal Correctional Institution (FSL)
Inmate Mail/Parcels
P.O. BOX 10
Elkton, OH 44415

12